26    67
102   235

CASHMAN *et al.*, Defendants in Error, v. ANDERSON *et al.*, Plaintiffs in Error.

1. Where an answer is stricken out for insufficiency, and the defendant prays the court to grant him time in which to file an amended answer, the court is not bound to grant delay, as a matter of right, where it would operate to delay justice or injure the plaintiff, but may, in the exercise of a sound discretion, refuse to grant time unless the defendant will state the character of the amendment he desires to make.
2. Where a motion to strike out an answer is taken up and disposed of on the day it is filed—both parties being present and neither objecting—this action of the court can not be assigned for error.

*Error to Lewis Circuit Court.*

*J. G. Blair*, for plaintiffs in error.

*Wagner*, for defendants in error.

RICHARDSON, Judge, delivered the opinion of the court.

This suit is on a negotiable promissory note executed by the defendants to James G. Guthrie and endorsed by him before its maturity to the plaintiffs. At the return term the defendant Thompson F. Anderson filed his answer, but his co-defendant did not answer. The case was set on the docket for trial on the seventh day of the term, and on the fifth day the plaintiffs filed their motion to strike out the answer for the reason that it did not contain matter constituting a de-

fence. The motion was heard on the day it was filed and sustained, and thereupon the defendant asked leave to amend his answer without stating in what particulars he desired to amend, but the court refused leave, and the cause being submitted to the court judgment was rendered for the plaintiffs. Thereupon the defendant filed his motion to set aside the judgment for the reason that the court improperly refused him leave to amend his answer and because the court improperly gave judgment. This motion was overruled, and the defendant excepted also to the refusal of the court to permit the answer to be amended. The record does not show that any exception was taken to the action of the court in sustaining the motion to strike out the answer.

Though we think the answer was insufficient, it is unnecessary to decide that question, for it does not appear that any exception was taken to the ruling on that point.

The liberal spirit of our system of practice encourages the exercise of a large discretion in the courts in permitting amendments, but it would be unwise to declare that a party, whose pleading is adjudged insufficient, has an absolute right for time to make amendments without stating to the court the general character at least of the amendment he proposes to make. There can be no reason for asking time, unless it appears that it ought to be given to promote the ends of justice, and that it is proper in order to afford a party the opportunity of presenting in form a sufficient defence. To say that the right for time to prepare an amended answer is absolute will often, especially in courts that are in session but a few days, give a defendant with a bad answer an advantage he could not have with a good one. The issues made by good pleading in many cases may be tried and a final judgment rendered at the return term, when by giving a defendant, whose answer is adjudged insufficient, time to amend near the close of the term without any reason given for the asking, would often defeat the plaintiff of a trial and operate practically as a continuance of the cause. When the court can indulge a party without any injury to his adversary, there may be no

reason for requiring a statement of the amendment intended to be made ; but, when the end of the term is near at hand, it would work injustice to disarm the courts of the power of exercising a sound discretion on this subject.

It is the usual practice to dispose of all motions in a cause before it is called for trial, and it was proper that the motion in this case should be heard and determined before the day the case was docketed for trial. An answer that fails to set up a defence may be reached by motion. (15 Mo. 628.) The twenty-eighth section of article 6 of the practice act of 1855 requires that " motions filed in term shall be filed at least one day before the day they may be argued or determined." The manifest object of this provision is to prevent surprise of the adverse party, and though in this case the motion was determined on the same day it was filed, it appears that both parties were present and neither objected to the court taking it up.

After the motion to strike out the answer was sustained, no reason being given for further delay, the court properly rendered final judgment.

The other judges concurring, the judgment is affirmed.