MICHAEL KINEALY, Plaintiff in Error, *v.* EDWARD J. GAY, Defendant in Error.

### May 13, 1879.

Where, under the city charter of 1870, an ordinance for the paving of one street is introduced, with the engineer's estimate of the cost of the work indorsed thereon, and is subsequently amended so as to include the paving of other streets at an increased cost, and no other indorsement is made thereon, there can be no recovery on a special tax-bill issued under such ordinance.

ERROR to St. Louis Circuit Court.

*Affirmed.*

E. T. FARISH, for plaintiff in error, cited: *Siebert* v. *Cavender*, 3 Mo. App. 421; 56 Mo. 277.

HARRIS BALDWIN, for defendant in error, cited: *Wittler* v. *Cavender*, 3 Mo. App. 580; *Siebert* v. *Cavender*, 3 Mo. App. 421; *Perkinson* v. *Partridge*, 3 Mo. App. 60.

BAKEWELL, J., delivered the opinion of the court.

This was an action on a special tax-bill. It appeared on the trial of the cause that the work was done under a city ordinance introduced in May, 1872, as a bill for improving Cass Avenue from Twenty-seventh to O'Fallon Street, and providing for grading, guttering, macadamizing, and curbing the street named in the title, within the boundaries named. On this bill was indorsed an estimate of the city engineer, estimating the cost of the work to the city at $2,300 and the cost to the property-holders $4,400. The bill, before its passage, was amended. Its title was changed so as to read: "An ordinance to improve certain streets in the Second District north of the south line of the Sixth Ward;" and the body of the bill was altered so as to provide for the grading, guttering, macadamizing, and curbing of a very large number of streets (the mere enumeration of them filling a page of closely written foolscap), and appropriating $55,000 for the cost of the work to the city.

It appears that before the passage of the bill, the comptroller certified that there was unappropriated and standing to the credit of the appropriation for streets within the district named $55,000, the sum mentioned in the bill.

The bill as thus amended was passed, and is the bill under which the work sued for was done. No other estimate of the city engineer was indorsed on the bill than the original estimate of $2,300, — indorsed, as already stated, upon the original bill as first introduced, and before it had grown to more than twenty times its original proportions.

The court, sitting as a jury, declared the law to be, that if the work was done under the contract and ordinance introduced, and if the city engineer did not indorse upon the ordinance an estimate of the entire cost of the work contemplated by the ordinance to be done at the expense of the city, including the work sued for, there can be no recovery in this action. Other instructions were given to the same effect, and the court found for defendant.

The city charter in force when this ordinance was passed provides (Charter 1870, art. 8, sect. 18) that every ordinance requiring such work to be done shall contain a specific appropriation from the proper fund, based upon an estimate of cost to be indorsed by the engineer on the ordinance. It is manifest that this provision of the charter has not been complied with in the present case. No estimate of the cost of the work contemplated by this ordinance was ever indorsed on this bill. The estimate indorsed on the bill is for a very small proportion, apparently less than five per cent, of the work embraced in the ordinance and chargeable by law to the city.

There was, therefore, a total disregard of a charter requirement. The provision of the charter is mandatory. "The courts," says an eminent writer on constitutional law (Cooley's Const. Lim. 78), "tread on very dangerous ground when they venture to apply the rules which distinguish directory and mandatory statutes to the provisions

of a constitution. Constitutions do not usually undertake to prescribe mere rules of proceeding, except when such rules are looked upon as essential to the thing to be done ; and they must then be regarded in the light of limitations upon the power to be exercised. It is the province of an instrument of this solemn and permanent nature to establish those fundamental maxims and fix those unvarying rules by which all departments of the government must at all times shape their conduct ; and if it descends to prescribing mere rules of order in unessential matters, it is lowering the proper dignity of such an instrument and usurping the proper province of ordinary legislation.'' But the charter of a city is its constitution, its organic law ; and where its provisions are plain, it is not for the courts to discuss their importance, or to say that its limitations may, in any particular, be utterly disregarded in the exercise of powers conferred by it and subject to its provisions.

We therefore think that judgment in this case was properly entered for the defendant, as the Council had no power to order this work to be done at the expense of the property-holder except in compliance with the existing law.

The judgment is affirmed. All the judges concur.