HENRY PERKINSON, Appellant, *v.* JAMES MCGRATH, Respondent.

April 27, 1880.

1. A special tax-bill for work done under an ordinance upon which the engineer's estimate has not been indorsed, is void.

2. That the owner required that the work be done in accordance with the contract between the contractor and the city, it not appearing that he had actual notice of the invalidity of the ordinance, does not estop him from disputing the validity of the ordinance, and does not tend to prove a contract between the owner and contractor, nor an acceptance and agreement to pay for the work.

APPEAL from the St. Louis Circuit Court, WICKHAM, J. *Affirmed.*

EBER PEACOCK and A. R. TAYLOR, for the appellant: All the charter requires is that there shall be an estimate of the cost of the work proposed to be done. This is construed to mean the cost of the work to be paid for by the city. — *The State ex rel.* v. *St. Louis*, 56 Mo. 277; *Perkinson* v. *Partridge*, 3 Mo. App. 60. Estoppel *in pais.* — *The People* v. *Council*, 65 Barb. 9; *Fletcher* v. *Holmes*, 25 Ind. 469; *Kellar* v. *Lafayette*, 30 Ind. 194; *Dalzell* v. *Odell*, 3 Hill, 219.

BROADHEAD, SLAYBACK & HAEUSSLER, for the respondent: As to the validity of the ordinance. — *Wittler* v. *Covender*, 3 Mo. App. 580; *Stadler* v. *Roth*, 59 Mo. 400.

BAKEWELL, J., delivered the opinion of the court.

This was an action on a special tax-bill for work done in curbing, guttering, macadamizing, and making cross-walks. It is claimed that the bill is a charge on a city lot owned by defendant, in St. Louis. It appeared on the trial that on May 31, 1872, ordinance No. 260, entitled "An ordinance to improve Twenty-seventh Street from Cass Avenue to O'Fallon Street," was introduced into the Council and read for the first time. On June 4th, it was read a second time and referred to the Committee on Streets and Alleys. On July 2d, this ordinance was reported back from the committee, with amendments, so as to make the title read, "An ordinance to improve certain streets in the second district north of the south line of the Sixth Ward." The body of the bill was so changed as to provide for the improvement of thirty or forty streets, including the street named in the original ordinance, which bears an insignificant proportion to the work named in the new bill. The amended ordinance, as reported back to the Council, bore on it no other estimate of the city engineer than one of June 10th, "estimating the expense of the city at

$2,300, and the expense to the property-holders at $4,400.'' This, from its date and amount, is evidently the estimate on the original ordinance. By some oversight, it does not, however, appear from the record before us what estimate was indorsed upon the original ordinance. It is, however, manifest that the estimate on the amended bill cannot be an estimate for the new work, because it was made before the ordinance was amended, so as to include the additional streets, and because the appropriation which is based upon the estimate, and which is for the cost to the city of grading alone, appears to have been $55,000. Before the passage of the bill, the comptroller certified that there was standing to the credit of the appropriation for streets within the district named, the sum of $55,000, mentioned in the bill.

The charter of 1870 provides that every ordinance requiring such work to be done shall contain a specific appropriation from the proper fund, based upon an estimate of cost to be indorsed by the engineer on the ordinance. The Circuit Court found that the tax-bill in this case was void, because it was issued under the amended ordinance above referred to, and there had been a manifest disregard of the charter provision. In this finding there was no error. *Kinealy* v. *Gay*, 7 Mo. App. 203.

2. On the trial, plaintiff offered to prove that, while the work was in progress, defendant wrote to the city engineer, demanding of him that defendant should perform his contract, claiming that the work was not satisfactorily done, and that if it was not put in condition as called for by the contract, he would not pay for it; that after the work was done, defendant demanded of the city engineer that plaintiff should put the work as done in good repair, and keep it so, otherwise defendant would not pay for it; that in both these instances the city engineer required the plaintiff to do his work over again, which he did, as demanded by defendant;

and that, at the trial before the justice, defendant made a tender of eighty per cent of the tax-bill.

This testimony was excluded by the court, and we think that there was no error in this action. This testimony certainly does not tend to show any contract between plaintiff and defendant; nor do we think that any or all of these facts, if proved, would work an equitable estoppel. The contractor, in doing the work, relies upon his contract with the city, the validity of which depends upon the validity of the ordinance. As we have already more than once said, it is the duty of the contractor to see that he has a valid contract, otherwise he undertakes the work at his own risk. The owner of the property is under no obligation to examine whether all the formalities of law have been complied with in letting out the work; and where he saw a man making improvements, or what are called improvements, on his land, without his direction or consent, under color of a valid contract with the city, which has power to make such a contract and to direct the work to be done, he had undoubtedly the right to suggest to the city authorities that the work should be done according to the terms which the city had assumed to impose upon the contractor. In the absence of evidence that the property-holder had actual notice of the invalidity of the contract under which the work was being done, there is nothing in the fact that he insists upon the work being done according to the letter of the contract, that tends to show fraud. This may be looked upon as an attempt on his part to make the best of a bad business, but is certainly no declaration that he waives all defences to an action on the special tax-bill, or that he accepts, or will pay for the work. *Hull* v. *Cavanaugh*, 6 Mo. App. 143, 148.

The judgment is affirmed. Judge HAYDEN concurs; Judge LEWIS is absent.