W. KEANE ET AL., Respondents, *v.* JULIA CUSHING, Appellant.

January 29, 1884.

1. ORDINANCES — CONSTITUTIONAL LAW. — Proceedings had under an ordinance between the date of its passage and the date when it takes effect, are void.

2. NOTICE — SPECIAL TAXES. — An ordinance requiring the board of public improvements to advertise the letting of contracts for public work is mandatory.

APPEAL from the St. Louis Circuit Court, BARCLAY, J. *Reversed and judgment.*

KLEIN & FISSE, for the appellant.
EBER PEACOCK, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action upon a special tax bill amounting to the sum of $65.35, issued by the city of St. Louis in favor of the plaintiffs against John and Julia Cushing, for the construction of a district sewer, within what is known as the Stein Street Sewer District, No. 3, in Carondelet. The action was originally brought before a justice of the peace, jointly against John and Julia Cushing. Upon a suggestion of the death of John Cushing to the justice of the peace, the plaintiffs dismissed their action against him, and recovered a judgment against Julia Cushing for the full amount of the tax bill and interest. Julia Cushing appealed to the circuit court, and there the cause was tried by the court without a jury, and judgment was again rendered against her, from which she has appealed to this court.

Several objections are made by the appellant to the rulings of the circuit court. We shall notice but one of them, because this, in our judgment, is decisive of the case.

By the charter of the city of St. Louis, Art. III., sect. 21, "No ordinance passed by the assembly, except the general appropriation ordinance, shall take effect or go into force until ten days after its approval, unless, in case of an emergency (which emergency must be expressed in the preamble or in the body of the ordinance), the assembly shall, by a vote of two-thirds of all the members elected to each house, otherwise direct; such vote to be taken by yeas and nays, and entered upon the journal."

The charter of the city of St. Louis also provides:—

"The assembly shall have no power directly to contract for any public work or improvement or repairs thereof contemplated by this charter, nor to fix the price or rate therefor; but the board of public improvements shall, in all cases, except in case of necessary repairs requiring prompt atten-

tion, prepare and submit to the assembly estimates of costs of any proposed work, and under direction of the ordinance, shall advertise for bids, as provided for purchases by the commissioner of supplies, and let out said work by contract to the lowest responsible bidder, subject to the approval of the council.    Any other mode of letting out said work shall be held as illegal and void."

The ordinance of the city of St. Louis regulating the advertising and letting of public work contains the following provision : —

" The notice of such letting of public work shall be published in the newspapers doing the city printing, at least three times, the last publication to be at least ten days before the day appointed for the opening of the bids ; said notice shall state the number of the letting, the nature of the work, the places at which the plans and specifications and forms of contract may be seen ; the hour and place of opening the bids, and the time up to which the bids will be received."

· The ordinance under which the letting of the contract was made for the public work for which the tax bill sued upon in this case was given, was approved by the mayor on the 24th of December, 1880.    It did not provide, either in its preamble or in its body, that it should take effect within less than ten days after its approval ; and, therefore, under the provision of the charter above quoted, it did not take effect until ten days after the 24th of December, 1880.; that is, until the 4th of January, 1881.    Nevertheless, on the 28th of December, 1880, but four days after its approval, the board of public improvements fixed the 11th day of January, 1881, for the letting of a contract to do the work provided for therein ; and, on the following day, December 29th, 1880, being the fifth day after the ordinance was approved, and for the two days succeeding, the same being December 30th and 31st, they caused an advertisement to be published in the St. Louis *Daily Times*, solicit-

ing sealed proposals for doing the work authorized by the ordinance in question. It thus appears that this advertising of the contract was completed on the seventh day after the approving of the ordinance, and three days before it took effect.

In our judgment, because of this irregularity in advertising the letting of the contract for the public work provided for by this ordinance, the special tax bill here sued on is invalid. We need not repeat what has so often been held with regard to these special proceedings, in pursuance of which special taxes are assessed against private property, becoming a lien thereon, that, unless the provisions of law prescribing the mode in which the power shall be exercised are substantially complied with, the tax bill is void.

It is a general rule that, where a constitutional provision prescribes the date at which an act of the legislature shall take effect, until the arrival of that date, it has no force or validity for any purpose whatever; not even for the purpose of imparting notice of its existence. It is said by an authoritative writer on statutory construction : " A statute which is to become a law at a future date, is a nullity in the meantime. It does not even operate as notice to persons to be affected by it; nor does a repealing clause in it put an end to the law to be repealed." Bishop Statutory Crimes, sect. 31. In *Price* v. *Hopkins* (13 Mich. 318, 326), it is said by Mr. Justice Cooley: " The idea embodied in this constitutional provision is, not that the passage of the law is notice, but that ninety days from the end of the session are required to bring knowledge of the law to the public at large. In other words, as notice of legislation is, and must be, given by publication in some form, the notice, in analogy to other cases of notice by publication, can not be held complete until the whole period allowed for it has expired. To make this act operate as notice from its passage, seems to us to violate the constitutional provision we have quoted. To do that, we must

hold that it has at least the effect and force of notice, during a period when the constitution has declared it shall not take effect or be in force, and when the obvious design and intention was that it should have no force or effect whatever." A similar view of this question was taken in *Board of Supervisors* v. *Keady* ( 34 Ill. 293 ). Our supreme court has taken the same view of the subject. The city and county of St. Louis were authorized by a statute to make a certain subscription to the capital stock of a railroad company. The statute provided that, before the subscription should be made, the question should be submitted to a vote of the people at an election. The statute contained no clause as to the time within which it should take effect. This being so, under the general law then in force ( Rev. Code 1845, p. 698), it did not take effect until ninety days after its passage. Nevertheless, the question was submitted to a vote of the people at an election held before the expiration of that time. It resulted in favor of making the subscription. The county court thereupon made the subscription. It was held that, because the election had been held before the statute authorizing the subscription became operative, the subscription was void. It was urged by counsel that the part of the statute which required the submission of the proposition to a vote of the people was directory. The supreme court did not agree to this. The court said: " The statute requiring the vote is not directory. It is a positive, explicit, and plain mandate. It is not a direction. The voting on the question is an act positively and authoritatively required to be done before the subscription thereby authorized shall be made." *City and County of St. Louis* v. *Alexander*, 23 Mo. 483, 520. Several other cases have been cited to us upon the point in question, all of which are to the effect that, until the expiration of the period prescribed for the taking effect of a statute, it has no validity, but is utterly dormant and inoperative for any purpose whatever. *Henrickson* v.

*Henrickson*, 7 Ind. 13 ; *Mark* v. *The State*, 15 Ind. 98 ; *Hoboken* v. *Gear*, 27 N. J. L. 265 ; *Files* v. *Robinson*, 30 Ark. 487 ; *The State* v. *Little Rock, etc., R. Co.*, 31 Ark. 701 ; *The People* v. *McDougal*, 6 Cal. 673 ; *Rice* v. *Ruddiman*, 10 Mich. 125 ; *Carleton* v. *The People*, 10 Mich. 250.

This principle applies to the case of a municipal ordinance as well as to the case of an act of the legislature. The legislative assemblies of municipal corporations have been regarded by our supreme court as miniature legislative bodies, in the sense that the same presumptions attend in respect of the validity of their ordinances as in the case of an act of the legislature. *City of St. Louis* v. *Gleason*, 15 Mo. App. 25. The provision of the charter of St. Louis fixing the time within which ordinances shall take effect is in the nature of a limitation upon legislative and ministerial power. It is founded in the policy of allowing a certain time to elapse within which the public may acquire knowledge of the ordinance before it shall become operative for any purpose. If, therefore, any essential step in the execution of such an ordinance takes place before it becomes operative, no charge made *in invitum* against a property owner by virtue of proceedings thereunder, acquires any validity. It will not do in this case, to say that the ordinance above quoted requiring the board of public improvements to advertise the letting of contracts for public work, is directory merely, and hence that it is immaterial whether the advertisement is made before or after the ordinance takes effect It is not directory, but mandatory. It is designed to require public notice to be given of the letting of public work, to the end that competition may take place, and that the contracts may be let at reasonable prices. A valid advertisement could no more be dispensed with in this case, under the idea that the ordinance commanding it is merely directory, than could a valid election be dispensed with on the same ground in the case of the *City and County of St. Louis* v. *Alexander*, above quoted.

We are therefore of opinion that the judgment of the circuit court must be reversed, and, as the tax bill which was sued on has no validity, it is unnecessary to remand the cause, but judgment will be entered here for the defendant. It is so ordered.    All the judges concur.