WILLIAM KEANE ET AL., Appellants, v. MARIA A. KLAUSMAN, Respondent.

St. Louis Court of Appeals, April 6, 1886.

1. SPECIAL TAXES—ORDINANCES.—A special tax bill can not be enforced for work done under a contract; the advertisement for the letting of which is made between the passage and the taking effect of the ordinance under which the work is done.

2. ——— MUNICIPAL CORPORATIONS — SEWERS. — A non-compliance with a mandatory charter provision, adapted to create a demand against a property owner for the construction of a sewer, can not be excused on the ground that the work is recommended as a sanitary measure and requires prompt attention.

:3. ——— A charter provision permitting the doing of necessary repairs requiring prompt attention, without an ordinance authorizing it, has no application to an original construction.

.4. ——— ESTOPPEL.—A property owner is not estopped to deny the validity of a contract for work, for the doing of which his property is sought to be charged, by the fact of his knowledge of the existence of the ordinance and the doing of the work, and of his failure to attempt a stoppage of the work.

·5. PLEADING—ORDINANCES—JUDICIAL NOTICE.—Municipal ordinances are not subjects of judicial notice, and must be pleaded with certainty of description as to their subject matter and effect.

·6. PRACTICE—INSTRUCTIONS.—The giving of an erroneous instruction on behalf of the defendant is not ground for the reversal of a judgment against a plaintiff who has no cause of action.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Affirmed.*

M. McKEAG, for the appellant : The defence that the work was ordered and done as a sanitary measure requiring its immediate doing, should have been considered. *Eyerman v. Blakely*, 78 Mo. 145. It is incumbent on the property holder to take some steps by a timely pro-

ceeding to restrain the municipal authorities from the construction of the work; he can not lie by and see the work progress to completion without any complaint or effort to stop it, and then defeat the contractor in his suit on tax bills. *Eyerman v. Blakely*, 74 Mo. 145; *Sheehan v. Owen*, 82 Mo. 458; *Motz v. City of Detroit*, 18 Mich. 528; *Kellog v. Ely*, 15 Ohio St. 64; *Patterson v. Brown*, 43 Iowa 477; *City of Lafayette v. Fowler*, 34 Ind. 140.

KLEIN & FISSE, for the respondent: It was improper to plead a municipal ordinance by its title and number. *Crone v. Malinckrodt*, 9 Mo. App. 316. Passing by for the present the question whether the facts pleaded in the reply are sufficient to create an estoppel, we submit that the rule of estoppel has no application in cases of this character. *Perkinson v. McGrath*, 9 Mo. App. 26. Nor is the proposition tenable that the defendant was estopped to make this defence, because it did not institute proceedings to restrain the enforcement of the levy. *Town of Cameron v. Stevenson*, 69 Mo. 372. If the levy of the tax was in conflict with the constitution, it was void and lifeless, and no mere silence on the part of the defendant could vitalize it. Citing *Cruger v. Dougherty*, 43 N. Y. 107; *Starr v. City of Burlington*, 45 Iowa 87; *Steckert v. City of East Saginaw*, 22 Mich. 110.

LEWIS, P. J., delivered the opinion of the court.

This suit, on a special tax bill for the construction of a sewer adjacent to the defendant's property, is for work done under the same city ordinance and proceedings upon which the plaintiff's claim was founded in the case of *Keane v. Cushing* (15 Mo. App. 96). In that case it was held that the proceedings under the ordinance were void, and the plaintiff could not recover, because the advertising for the letting of the contract was done between the date of the passage of the ordinance and the day on

which it went into effect. In this particular, the facts in the present case are precisely the same, and are alike fatal to the plaintiffs' demand. The plaintiffs, however, present some points on which they think the judgment against them ought to be reversed, notwithstanding.

The answer set up the infirmity in the proceedings already mentioned, with several other special defences, to which the plaintiffs filed a reply containing the following:

"And plaintiffs for a further reply state that the public work which said ordinance, number 11,519, provided for, was a public work of necessity, requiring prompt attention. That the board of health of the city of St. Louis, on the ninth day of September, 1880, recommended, as a sanitary measure, the construction of the sewers mentioned in said ordinance number 11,519, and directed the board of public improvements to have said sewers constructed; that the said board of public improvements recommended the same to the municipal assembly as being necessary, for sanitary purposes, and approved said ordinance number 11,519.

"And the said plaintiffs further replying aver the fact to be that the plaintiffs completed the sewers provided for by the said ordinance, number 11,519, and their said contract in full reliance upon the validity of their contract, that the said defendant was a resident of the city of St. Louis, and well knew of the existence of said ordinance and contract and of the construction of said sewers by the plaintiffs, and took no steps to prevent the construction of said sewers by the plaintiffs, nor did she make any objection to plaintiffs against the construction by plaintiffs of said sewers."

The court, on the defendant's motion, struck out these parts of the reply. This is assigned for error.

As for the first of these two paragraphs, the matter set forth therein was wholly immaterial and redundant. No charter provision or other law can be shown which will excuse a non-compliance with a mandatory provision;

adapted to create a demand against a property owner for the construction of a sewer, on the ground that such construction is recommended as a sanitary measure, and requires prompt attention.   That the ordinance prescribing mode and time for advertising the letting of the contract is mandatory, is conclusively shown in *Keane v. Cushing* (15 Mo. App. 96).   There is a charter provision under which the board of public improvements may proceed with the work of necessary repairs requiring prompt attention, without awaiting the passage of an ordinance. But that has no application to an original construction.

The second paragraph was no better than the first. There are no proper elements of estoppel against the defendant in the facts stated.   The defendant did not cause the making of the contract or the building of the sewer, and was not called upon to interpose against either, or else incur a liability having no foundation in law.   In *Perkinson v. McGrath* (9 Mo. App. 26), a suit on a special tax bill for curbing, guttering, macadamizing, and making cross-walks, the property owner demanded of the contractor that he do the work in accordance with his contract, and afterwards, through the city engineer, compelled him to do it over a second time.   It was held that this did not estop the owner from defending on the ground of invalidity of the ordinance, it not appearing that he had actual notice of its invalidity, and did not tend to prove an acceptance of the work, or an agreement to pay for it.   That bore far more resemblance to a case for an estoppel than does the present.   There can be no pretense here that the contractors were induced to take any steps in the work by the action or non-action of the defendant.   No obligation was upon her to follow up the several steps leading to the contract and assure herself of their fitness.   But it did rest upon the contractors to do so, since they were to take every risk of their insufficiency.   The court did right in striking out these parts of the reply.   Their insufficiency to meet the allegations of the answer made them as proper subjects

for a motion to strike out, as for a demurrer.   *Howell v. Stewart*, 54 Mo. 400 ; *Cashman v. Anderson*, 26 Mo. 67.

The plaintiffs' reply pleaded a city ordinance, describing it only by its number and the date of its approval.   The defendant moved for an order that this be made more definite and certain, and the motion was sustained.   There was no error in this.   Municipal ordinances, not being subjects of judicial notice, must be pleaded with as much certainty of description, as to their subject matter and effect, as a contract or other private paper.   *The State ex rel. v. Oddle*, 42 Mo. 210 ; *Crone v. Malinckrodt*, 9 Mo. App. 316.

The court gave an instruction for the defendant to the effect that the ordinance providing for the construction of the sewer was void, by reason of the fact that the ordinance establishing the sewer district was not previously in existence, and that both these ordinances were passed and went into effect at the same time.   This instruction was erroneous, as being in conflict with *Eyerman v. Blakely* (78 Mo. 145).   But it would be an absurdity to reverse the judgment on that account, since all the proceedings under the ordinances were void, as already shown, and the plaintiffs can not in any event recover, under the ruling in *Keane v. Cushing* (15 Mo. App. 96).

The court, sitting without a jury, gave some other declarations of law, but it is not material here to examine them.   The record contains no reversible error.

The judgment was for the right party, and is affirmed, with the concurrence of all the judges.