————o————

## EX PARTE BABE SNYDER.

1. *Constitution—Cass County Common Pleas Court "in force" under—Conviction by Probate and Criminal court of, void—Habeas corpus.*—The act of March 1875, establishing a Probate and Criminal court in lieu of the Common Pleas court of Cass county, by its terms was not to take effect till January 1876. The present Constitution was dated Nov. 1875. Section 3 (p. 43) of that Constitution providing that "all other courts of common pleas shall cease to exist at the expiration of the present terms of office of the several judges," embraced in its description that court; and the term of office of its judge holding at the adoption of the Constitution did not expire till 1878. *Held:*

1st. The Common Pleas court at the time of the adoption was "in force," (Const. ? 1, p. 43) and the act of March 1875, never became operative, being repugnant to section 3, *supra*, which recognized the continued existence of the Common Pleas court.

2d. Hence, a conviction by the Probate and Criminal court was void and of no effect. The rule that the acts of an officer *de facto* are valid, has no application where the office itself does not exist.

3d. The prisoner was properly released for that cause on habeas corpus.

2. *Habeas corpus—Commitment by court having no jurisdiction.*—Where a prisoner has been committed by a court having absolutely no jurisdiction, the validity of the commitment may be inquired into on *habeas corpus*.

### Petition for Habeas Corpus.

*Boggess & Sloan, with Hall & Given,* for Petitioner, cited : Mason vs. Woerner, 18 Mo. 566 ; 1 J. J. Marsh. [Ky.] 205, 206 ; People vs. White, 24 Wend. 520, 539, 540, 541 ;

People *ex rel.* Kearney vs. Carter, 29 Barb. 208 ; Perkins, Treas., vs. Corbin, 45 Ala. 103 ; Craig vs. State of Mo.,·4 Pet. 431 ; Buel's Case decided by Judge Treat in Eastern District of Missouri ; Garland's case, 4 Wall. 333 ; Cummin's case, 4 Wall. 277 ; Murphy and Glover Test Oath cases, 41 Mo. 339 ; State vs. Steptoe, 61 Mo. 411 ; Jones, *Ex parte*, 27 Ark. 349 ; Perry vs. State, 41 Tex. 488 ; Hurd Hab. Corp. 331 ; *Ex parte* Strahl, 16 Iowa, 369 ; The People vs. Bradley, 40 Ill. 390 ; State *ex rel.* Henderson, vs. County Court of Boone Co., 50 Mo. 317 ; 27 Me.·114.

*J. L. Smith, Att'y Gen'l*, for Respondent, cited : State vs. Douglass, 50 Mo. 593 ; People *ex rel.* vs. Burgess, 24 Ill. 184 ; State vs. Carroll, 6 Am. Law. Rep. 754 ; Harbaugh vs. Winson, 38 Mo. 327 ; State *ex rel.* Craig vs. Dougherty, 45 Mo.·294.

SHERWOOD, Judge, delivered the opinion of the court.

In 1867 the legislature created the Common Pleas court of Cass county. Subsequently, by the act of March 1873, probate jurisdiction was conferred on that court, as well as concurrent, original and appellate jurisdiction with the circuit court in all civil cases. By the second section of the amendatory act, an election for judge of that court was to be held in 1874, and it was held accordingly, and the present incumbent elected for the term of four years.

In March, 1875, an act was passed repealing the former acts, and establishing, in lieu of the Common Pleas court, a Probate and Criminal court, to be possessed of exclusive, original and appellate jurisdiction in all criminal cases, and a like jurisdiction in all probate matters, with certain exceptions not necessary to be enumerated.

This act was not to take effect until January 1, 1876, when the governor was to appoint a judge who was to hold office until his successor, to be elected in the fall of that year, was elected and qualified. This appointment and election have taken place, and the prisoner, whose application we are now to consider, was indicted, convicted of grand larceny, and is now in the peniten-

tiary in execution of the sentence of the Probate and Criminal court.

This application necessarily involves the consideration of three points : First, whether the new Constitution, which dates from November 30th, 1875, prevented the act last mentioned from becoming operative; second, if such prevention did occur, the effect thereof on the case at bar, touching the validity of the conviction ; third, whether the present is a proper method of procedure whereby such conviction may be called in question.

I.

Relative to the first point; It will be observed that the new Constitution (§ 3, p. 43) divides all common pleas courts existing and organized into three classes ; providing that those in cities and towns having a population exceeding 3,500, and such as are presided over by a judge of the circuit court, shall continue to exist, etc., until otherwise provided by law, and that "all other courts of common pleas shall cease to exist at the expiration of the present terms of office of the several judges thereof."

The Common Pleas court of Cass county falls within the last named class, if the words just quoted are to be received in their ordinary import.   Receiving them in this manner we but adopt the advice of Judge Story, who says (Sto. Const. § 451) : "Constitutions are not designed for metaphysical or logical subtleties ; for niceties of expression ; for critical propriety ; for elaborate shades of meaning ; or for the exercise of philosophical acuteness or judicial research.   They are instruments of a practical nature, founded on the common business of life, adapted to common wants, designed for common use, and fitted for common understanding.   The people make them ; the people adopt them ; the people must be supposed to read them, with the help of common sense, and cannot be presumed to admit in them any recondite meaning or any extraordinary gloss."   Receiving these words, then, of the Constitution in the way thus pointed out, there is no room left except for the conclusion that the Common Pleas court of Cass county was given, together with all others of its class, a *constitutional and permissive existence* until the expiration of a certain period.

And on turning to another section (Const. § 1, p. 43), this view finds additional confirmation; for all laws *in force* at the adoption of the constitution, and not inconsistent therewith, are to remain *in full force* until altered or repealed by the general assembly, while " all laws (though not in force) inconsistent with the constitution shall cease upon its adoption."

. It will not be denied that the law establishing the Common Pleas court of Cass county was *in force* when the constitution was adopted, nor that such law was consistent therewith, nor will it be affirmed that the act creating the Probate and Criminal court of Cass county was *in force* when the constitution took effect. So that it would seem clear beyond question, that the constitution, by continuing the existence of the Common Pleas court of Cass county, until the expiration of the present term of the judge thereof (which will not occur until 1878), and by continuing *in full force* the law which gave that court its being, necessarily, and by inevitable implication, accomplished the virtual repeal of the act establishing the court whose existence is now being considered. Because the law which professedly abolishes the Common Pleas court, professedly creates the Probate and Criminal court. Both cannot, nor were they intended to co-exist.

This view is further strengthened by another section (§ 4, p. 43) of the schedule, which provides that " all criminal courts organized and existing under the laws of this State, and not specially provided for in this constitution, shall continue to exist until otherwise provided for by law." For by thus specifying and singling out such criminal courts only as were *"organized and existing,"* the framers of the constitution must be presumed to have had in mind the whole subject, and to have intended to continue such criminal courts *alone*, as had an *actual* and not a mere *potential* existence.

This construction accords well with a very familiar rule, that the expression of one thing is the exclusion of another. (Dwarris on Stat., 605.) " Affirmative specification excludes implication." (Id. 605, and cas. cit.) And this construction is in harmony also with the preamble to the schedule. The evident idea of the framers of the constitution as expressed in that preamble was to pre-

vent inconveniences from arising in consequence of a change in the organic law ; and as the most natural and most feasible method of accomplishing this, they recognized and upheld the *existing order of things ;* recognized and upheld all courts and officers whom the constitution, on its adoption, found in the exercise of judicial or official functions.

This is shown in the clearest and most unequivocal manner by the sections already quoted, and by similar ones scattered all through the constitution, expressive of the same idea, and speaking in effect the same language.

Again, the meaning we have attached to the fifth section of the schedule, as to the continued existence of the third class of common pleas courts, is the same as that attached thereto by the makers of the constitution themselves, as shown by their contemporaneous construction thereof contained in their address to the people of this State. But the language of that section is so plain as to obviate, it would seem, all necessity for construction. This being the case, we have but to reiterate the conclusion before announced, that the law establishing the Probate and Criminal court of Cass county, never became operative nor possessed the force and validity of a legal enactment, in consequence of being repugnant to, and inconsistent with, that provision of the constitution which gave recognition and continued existence to the Common Pleas court of that county.

## II.

We are thus led to the discussion of our second point, and respecting this there would, owing to the disposition made of the first point, appear to be but little difficulty. Numerous cases can be instanced from the books,where the acts of an incumbent of an office have been held valid, upon the ground that such incumbent was an officer *de facto.* But an officer of that description necessarily pre-supposes *an office* which the law recognizes. And a quite extensive research has failed to discover an instance where an incumbent has been held an officer *de facto,* unless there was a *legal office* to fill ; and all the cases cited from our own reports were of that sort.

If our first announced conclusion be correct it must needs follow that there was no such office or court known to the law as the Probate and Criminal court of Cass county ; and that consequently the conviction of the petitioner was altogether *coram non judice.*

### III.

In relation to the third point, the law is well settled, that if the petitioner has been committed by a court or person having *absolutely no jurisdiction,* then the validity of the commitment may be determined on *habeas corpus.* (Hurd on Hab. Corp., 331 *et seq,* and cas. cit.)

It *does* thus clearly appear in the present instance, and the result is that the petitioner is entitled to his discharge, and it is so ordered.

The other judges concur.