EWING, *Plaintiff in Error*, v. BROOKS.

1. **Cass County Common Pleas Court**: TRANSFER OF PROBATE CASES. It was error for the circuit court of Cass county to transfer to the common pleas court a case against an administrator pending in the circuit court on the 17th day of March, 1873, the date of the passage of the act amending the act establishing the common pleas court. There is no provision in that act requiring such transfer.

2. **Jurisdiction**: PRACTICE. A court to which a cause has been transferred by another court without authority of law, has no jurisdiction to enter an order of dismissal. It can do no more than strike the cause from its docket.

*Error to Cass Common Pleas Court.*—HON. J. H. PAGE, Judge.

*C. W. Sloan* for plaintiff in error.

*D. K. Hall* for defendant in error.

HENRY, J.—On the 20th day of January, 1872, J. R. Cline and R. B. Higgins executed their promissory note for $1,050, payable ten days thereafter, to Isaac Treadway, who assigned it to the plaintiff, Ewing. On the 9th day of April, 1872, plaintiff instituted a suit on said note in the circuit court of Cass county, against Cline and Feely, the administrators of Higgins. Cline afterwards died, and

4—69

the suit was revived against James Blair and Nettie Cline, administrator and administratrix of his estate. Subsequently their letters were revoked, and Brooks was appointed administrator *de bonis non*, and the suit was revived against him. There were several continuances of the cause, and finally at the June term, 1874, of said court, a motion was filed by defendants to dismiss said cause for want of jurisdiction, and the court in disposing of said motion, instead of dismissing the cause, determined that it had ceased to have original jurisdiction, and that by the act of the Legislature, approved March 17th, 1873, the common pleas court of Cass county had exclusive original jurisdiction of the cause, and ordered that it be transferred to said court, which was accordingly done. At a regular term, 1874, of said common pleas court, defendants failing to appear, a judgment was rendered against them for $1,217. On the same day defendants filed their motion in arrest of judgment and to dismiss the cause on the ground that the court had no jurisdiction, and the circuit court had no authority to transfer the cause. At the January term, 1875, of said court, said motion was sustained and the cause dismissed, and from that judgment plaintiff has appealed.

The suit was properly commenced in the circuit court of Cass county. While pending there Cline died, and the Legislature passed an act amendatory of the act establishing the Cass county court of common pleas, approved March 17th, 1873, conferring upon said court exclusive original jurisdiction within and for said county, of actions against executors and administrators upon demands against them in their representative capacity. There is no provision in that act requiring causes pending in the circuit court against executors and administrators to be transferred to that court. There is nothing in the act to indicate that it was the intention, thereby to interfere with causes then pending in any other court, which were properly commenced in such court.

The order of the circuit court transferring this cause to

the common pleas court, was unauthorized, and the court of common pleas, instead of dismissing, should have stricken the case from its docket, and returned the papers to the circuit court. If it was not, as we hold, a cause pending in the common pleas court, but was still pending in the circuit court, notwithstanding the order of that court, the common pleas court could not render a judgment of dismissal. It could do no more than strike the case from its docket, and this answers the point made, that no exceptions to the order of the circuit court transferring the cause were saved by appellant.

The judgment of the common pleas court is reversed, and as that court will cease to exist on the 31st day of December, inst., (*Ex parte Snyder*,) 64 Mo. 58, the circuit court of Cass county is directed to reinstate the cause on the docket of said court, and to proceed to hear and determine the same, as if said order transferring it had never been made, and the judgment of the common pleas court dismissing the cause had not been rendered. All concur.

REVERSED.