HEIDELBERG, *Appellant*, v. ST. FRANCOIS COUNTY.

1. County Contracts: BUILDING BRIDGES. Where the road com-
   missioner contracts orally with one, to do certain extra work on a
   bridge without advertising the time and place of letting the con-
   tract or in other respects complying with the special provisions of
   the statute (R. S. 1879, sec. 4311, *et seq.*) in reference to building
   bridges, such contract is void.

2.    ———— : ———— : STATUTE.  Nor is a recovery authorized in such
case under Revised Statutes, 1879, section 1218, which provides
that "if a claim against a county be for work or labor done, or
material furnished in good faith by the claimant, under contract
with the county authorities, or with any agent of the county law-
fully authorized, the claimant, if he shall have fulfilled his con-
tract, shall be entitled to recover the just value of such work,
labor and material, though such authorities or agent may not, in
making such contract, have pursued the form of proceedings
prescribed by law."

3.    County : ESTOPPEL.  The doctrine of estoppel cannot be invoked
against a county.

4.    ———— : RATIFICATION OF ACTS OF AGENT.  A county court cannot
even by order entered of record ratify the void acts of one of its
officers.

*Appeal from St. Francois Circuit Court.*—HON. J. D.
Fox, Judge.

AFFIRMED.

*Smith, Silver & Brown* and *Wm. Carter* for
appellant.

(1) Appellant's declaration of law should have
been given.  R. S., sec. 1218.  Said section provides as
follows :  "If a claim against a county be for work and
labor done or material furnished in good faith by the
claimant under a contract with the county authorities,
or with any agent of the county lawfully authorized,
the claimant, if he shall have fulfilled his contract, shall
be entitled to recover the just value of such work, labor
and material, though such authorities or agent may not
in making the contract have pursued the form of pro-
ceeding required by law."  This section is manifestly a
general provision, and is to be taken and construed in
connection with the various statutory enactments for
building bridges, public buildings, etc., and the doctrine

of *expressio unius, exclusio alterius* is wholly inapplicable. Said maxim is not of universal application ; its application being largely a matter of legislative intention, and to be invoked with great caution. Broom's Legal Maxims [8 Ed.] p. 653. Besides, in construing a revised code of laws, they are to be considered as contemporaneous acts, parts of one entire system. *Ashley v. Harrington*, 1 D. Chip. (Vt.) 343. The law on bridges must therefore be taken in connection with that on county courts (R. S. 1879, p. 215), and county contracts (R. S. 1879, p. 1056). *Bryson v. Johnson County, post*, p. 76. (2) The above section is not abrogated by Revised Statutes, section 5360. Repeals by implication are never favored. A later statute will not operate to repeal a prior one by implication, unless they be irreconcilably inconsistent, or it appears that the legislature intended the latter act should wholly govern in the case provided for. *Bryson v. Johnson Co., supra; Manker v. Faulhaber*, 94 Mo. 440 ; *St. Louis v. Ins. Co.*, 47 Mo. 147 ; *Vastine v. Probate Court*, 38 Mo. 529 ; *Peters v. Renick*, 37 Mo. 598 ; *State, etc., v. McDonald*, 38 Mo. 529 ; Sedgwick on Const. and Stat. Law, 123. (3) Section 1218 was passed by the general assembly with other sections in the same chapter as a revised bill, while section 5360 was simply compiled by the revising committee of the legislature. (4) Under the law relating to the building of bridges, the road commissioner, being a public officer, was one of the county authorities. See also R. S., sec. 5358; *Bryson v. Johnson Co., supra.* The county authorities were authorized to contract for the construction of bridges ; the authority to build being clearly given. R. S. 1879, secs. 4311, *et seq.* The objection here presented is that the law was not complied with as to advertising, bidding, etc. But this is the very kind of a case contemplated by section 1218. It authorizes a recovery notwithstanding the authorities "may not, in making such contract, have pursued the form of proceeding prescribed by law."

*M. Pipkin* for respondent.

(1)  The plaintiff cannot recover because the contract on which the action is brought is not in writing. R. S. 1879, sec. 5360 ; *Woolfolk v. Randolph Co.*, 83 Mo. 501.  (2)  The commissioner could not make the contract and thereby render the county liable because it was an additional one changing the specifications and was not in fact for extra work.  The provisions of the statute (R. S. 1879, secs. 4317, etc.) are mandatory and must be followed.  (2)  Section 1218, Revised Statutes, 1879, is a general provision and has no application to the case at bar where there are provisions of law specially applicable to the building of bridges.

SHERWOOD, J.—The facts developed in this cause were that the county court wanted to build a bridge over Big river, and the court and commissioner agreed upon certain plans and specifications for the building of the bridge, advertised the letting as provided for by law, and the J. A. Bullen Bridge Company was the lowest bidder for the building of the same, and the contract was made by the commissioner in accordance with the plans and specifications.  The commissioner made report of the cost of the bridge before advertising and letting to the lowest bidder, and the county court made an appropriation for the payment of the building under plans agreed on with the Bullen Bridge Company. Before the Bullen Bridge Company commenced work under their contract, the commissioner contracted with plaintiff to build the abutments and pier wider and longer, and it was under this parol contract for extra work that plaintiffs sought to recover.

On the conclusion of the testimony the trial court gave a declaration of law to the effect that on the pleading and evidence the plaintiff was not entitled to recover, and judgment for the defendant, hence this appeal.

At the time when these matters mentioned in the petition occurred, the law relating to bridges had been changed by the act approved March 14, 1883, and that act was in force.   Laws, 1883, p. 31.

Sections 4314, 4316, 4317, 4319, 4320 of the amendatory act are as follows :

" Section 4314.   If the county court be of opinion that a bridge is necessary, and that it shall be built at the expense of the county, they shall determine in what manner and of what materials the same shall be built, and the probable cost thereof, and shall order the road commissioner to let the contract for building such bridge and for keeping the same in repair not less than two nor more than four years, to be determined by the county court."

"Section 4316.   The commissioner shall do nothing towards building the bridge after the letting thereof, until an appropriation for the same shall first be made by the county court.

" Section 4317.   Unless the court, from its own information, shall be satisfied as to the expense of building the bridge, it shall be the duty of said court to require the commissioner to proceed to the spot where the bridge is to be built, and make an accurate estimate of the cost of building the same, according to any plan or plans ordered by the court, or such as, in his opinion, may be best, and without delay make report thereof."

"Section 4319.   The commissioner shall advertise the time and place of letting the bridge at three public places in the township where such bridge is to be built, or by publication in some newspaper published in the county, or both, as the court may direct, for not less than twenty days prior to letting the same.

"Section 4320.   He shall let the same, subject to approval or rejection by the court, by public outcry, to the person making the lowest bid.   If such letting be approved by the court, it shall make an appropriation

for building such bridge, and order the commissioner to contract therefor at the price let, who, in contracting, shall take bond, payable to the county, with two good and sufficient householders as securities, in such penalty as he shall deem sufficient to cover all damages which may accrue from the breach of such contract."

Section 1218, Revised Statutes, 1879, on which the plaintiff relies, is the following: "If a claim against a county be for work and labor done, or material furnished in good faith by the claimant, under contract with the county authorities, or with any agent of the county lawfully authorized, the claimant, if he shall have fulfilled his contract, shall be entitled to recover the just value of such work, labor and material, though such authorities or agents may not, in making such contract, have pursued the form and proceeding prescribed by law."

I have traced that section to its origin, and find it was enacted in 1863 (Laws 1863–4, p. 110, sec. 3.), under the caption of "*Treasuries, County.*" It would seem from this brief history of the section that there is no necessary connection between it and the special statute in relation to bridges.

When special powers are conferred, or where a special method is prescribed for the exercise and execution of a power, this brings the exercise of such power within the purview of the maxim, *expressio unius*, etc.; and by necessary implication forbids and renders nugatory the doing of the thing specified except in the particular way pointed out. And this rule obtains, as well in regard to the organic law as to the statutory law. The familiar principle here announced is tersely uttered by the English court of exchequer, in a comparatively recent case, where it is thus expressed:

"If authority is given expressly, though by affirmative words, upon a defined condition, the expression of that condition excludes the doing of the act authorized under other circumstances than those so defined:

*Expressio unius, exclusio alterius."   North Stafford,
etc. v. Ward,* L. R., 3 Exch. 177; 12 R. I. 651; *Smith v.
Stevens,* 10 Wall. 321; 1 Kent's Com. 467, note *d;*
1 Sugden on Powers, 258, *et seq.; City v. Whitney,* 36
Con. 373; *Dist., etc. v.   The City, etc.,* 7 Iowa, 262; *Coast
Line, etc. v. City,* 30 Fed. Rep. 649; *Mayor, etc. v. Ray,*
19 Wall. 475; *Thomas v. Railroad,* 101 U. S. 82;
Broom's Maxims, 651, 654; Anderson's Law Dict. 436
*et seq.*   "Affirmative specification excludes implica-
tion."   *Maguire v. State,* 62 Mo. 344; *State ex rel. v.
Laughlin,* 73 Mo. 449; *Rannells v. Gerner,* 80 Mo. 480;
Dwarris on Stat. 655 and cases cited; *Ex parte Snyder,*
64 Mo. 61.

If these authorities are to be our guide, I see no
refuge from the conclusion that the provisions of the
statute in relation to bridges must dominate this case.
But, grant that section 1218 is to be considered in con-
nection with the other sections already set forth, I
do not see how this concession will better the position
of the plaintiff; for certainly under the statutory pro-
visions already quoted, in relation to bridges, the road
commissioner could not be regarded as the *"agent of the
county lawfully authorized,"* when he was proceeding
in entire disregard of the plainest statutory provisions.
Murphy, the road commissioner, was only "lawfully
authorized," when he took the steps pointed out in the
bridge law.

But the concession may be made that Murphy was
"lawfully authorized," and still this broad concession
will avail the plaintiff nothing;. because, according to his
own admission as a witness, he had not complied with
the liberal provisions of section 1218; he had not built
the abutments up to the specified height, even under his
parol contract with Murphy.

Again, inasmuch as the law in relation to bridges
has been materially modified by the act of 1883, it may
well be held that being a subsequent and inconsistent

law it repeals any inconsistent provision which section 1218 contains, in consequence of such repugnancy.

But it is said, in substance, in one of plaintiff's declarations of law that inasmuch as the bridge commissioner received and accepted the abutments and pier built by plaintiff, and the county court accepted said report and paid the Bullen Bridge Company for its work, that thereby the county is *estopped* from resisting a recovery by plaintiff. The doctrine of *estoppel* does not apply to *counties*. Nor could the county even by an order entered of record ratify the void act of the bridge commissioner (*Wolcott v. Lawrence Co.*, 26 Mo. 272), for the reasons that his acts veing void, they were incapable of ratification. 26 Mo. *supra; Johnston v. Wilson*, 2 N. H. 202, and cases cited; *Johnson v. Dist.*, 67 Mo. 319; *Maupin v. County*, 67 Mo. 327 and cases cited.

These views result in affirming the judgment. RAY, C. J., BLACK and BRACE, JJ., concur; BARCLAY, J., dissents.