## WALTER S. DICKEY, Respondent, v. JAMES T. HOLMES et al., Appellants.

### Kansas City Court of Appeals, November 28, 1904.

1. **TAXBILLS: Kansas City Charter: Competitive Letting: Ordinance: District Sewer.** Under the Kansas City charter to give validity to taxbills for the building of a district sewer, there must be an ordinance antedating the proceedings and prescribing the dimensions, material and character of the sewer, and a public letting of the contract after proper notice.

2. ———: ———: ———: ———: ———. An ordinance may by reference adopt specifications on file in some designated public place, but they must be in existence at the time the ordinance is adopted; otherwise the ordinance will be void as also the taxbills issued thereunder.

3. ———: ———: ———: ———: ———: **Ratificaton.** Where an ordinance authorizing a district sewer is void by reason of there being in existence no specifications as therein required, it can not be confirmed and ratified by an ordinance passed after the letting of the work.

4. ———: ———: ———: ———: ———: **General Ordinance.** It is further held that a general ordinance requiring the engineer, before advertising for bids, to make out certain details, specifications, etc., is inapplicable in this case and does not meet the requirements of the charter.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

REVERSED.

*Gage, Ladd & Small* for appellants.

(1)   The provisions of the general ordinance requiring the specifications to be made out and on file before the advertisement was published, and that the specifications should state the amount of security or bond that would be required of the contractor, were mandatory, and therefore defendants' instructions numbered 2, 3, 4 and 5, should have been given.   Desoto v. Showman, 100 Mo. App. 323; Leach v. Cargill, 60 Mo. 316;  Kiley v. Oppenheimer, 55 Mo. 374;  McQuiddy v. Brannock, 70 Mo. App. 535; Heidelberg v. St. Francois Co., 100 Mo. 69; St. Louis v. Gleason, 89 Mo. 67; s. c., 93 Mo. 33;  Farm Co. v. District, 51 Mo. App. 549; Mazet v. Pittsburg, 137 Pa. 548; Galbreath v. Newton, 30 Mo. App. 394;  Guinotte v. Egelhoff, 64 Mo. App. 366;  Electric Co. v. Los Angeles, 118 Fed. 753.   (2) The alterations in the specifications made after the award was made, referred to in defendants' instruction numbered 9, and shown in evidence, rendered the contract entered into  a different contract from the one on which the bids were received, as an examination of the contract will show, so that the contract made was really never advertised at all, and certainly is void. That instruction also should have been given.   (3)  The provision in the contract, that Kansas City brick alone should be used, if they could be obtained at the same price as brick of foreign manufacture, tended to create a monopoly, and prevent the work from being let to the lowest bidder.   Schoenberg v. Field, 95 Mo. App. 241. The contract with this provision in it, being confirmed by ordinance, makes the provision the same as if contained in the ordinance for the work.   Childers v. Holmes, 95 Mo. App. 158; Ayers v. Schmohl, 86 Mo. App. 349.   (4)   The charter requires that district sewers "shall be of such dimension, material and character as shall be prescribed by ordinance."   The ordinance for this sewer in connection with the plans,

which it may be admitted were in existence when the ordinance was passed, probably described in a general way the dimensions and materials of the sewer, but can not be said to describe the character of the sewer. The word "character" in the connection in which it is used in the charter, means quality or nature of the work, which depends upon the workmanship and all the little details relating to the finish as well as the dimensions and materials. The evidence showing that the specifications were not made until long after the ordinance was passed, shows that the ordinance failed to prescribe the character of the sewer, as required by the charter and defendants' instructions numbered 1 and 6 should have been given.

*Karnes, New & Krauthoff* for respondents, filed lengthy argument.

ELLISON, J.—This action has for its object the enforcement of a lien of two special taxbills against the property of defendants. The judgment in the trial court was for plaintiff.

It appears that the bills were issued for the building of district sewers in Kansas City. The defendant assails the validity of the ordinance under which the work was done. That ordinance was passed by the city council and thereafter, on April 27, 1897, was approved by the mayor. The charter of the city empowers the council to do public work by letting it to the lowest and best bidder as shall be prescribed by ordinance. Sec. 12, art. 17. The charter empowers the city council, with the approval of the board of public works, to cause district sewers to be built; and such sewers "shall be of such dimensions, material and character as shall be prescribed by ordinance." Sec. 10, art. 9.

Under such provision two things are prominently necessary to the validity of taxbills against the prop-

erty of the citizen for building a district sewer.    First, there must be an ordinance ante-dating the proceedings: that is, the ordinance is the first action upon which the proceedings are had.    And such ordinance must prescribe the dimensions, material and character of the sewer.    Second, a public letting of the contract after proper notice.    [Galbreath v. Newton, 30 Mo. App. 393; DeSoto ex rel v. Showman, 100 Mo. App. 323; Heidelberg v. St. Francois Co., 100 Mo. 69; Mazett v. Pittsburg, 137 Pa. St. 548.]    These are matters of necessity which must precede all else.    It is by thus prescribing by ordinance the material, dimension and character of the work that it is possible to let it publicly to the lowest bidder.    It is the height of absurdity to talk of prescribing these things by an ordinance subsequent to letting the work by competitive bidding.    In this case the dimension of the sewer and a part of the material thereof were prescribed in the face of the ordinance; but the character of the work and a great part of the material and the specific kind of material, were, by the ordinance, left to lengthy specifications, referred to in the ordinance as on file with the board of public works. An ordinance may be valid without incorporating all its provisions in its face; that is, it may refer, for a part of its provisions, to specifications on file in some designated public place where they may be inspected like the ordinance itself could.    [Galbreath v. Newton, 30 Mo. App. 380.]    The specifications are adopted and referred to by the legislative body and are made part of the ordinance itself.    Manifestly they must be in existence at the time the ordinance is adopted.    In this case the evidence disclosed that there were no specifications on file with the board of public works, or, indeed, in existence at all, at the time the ordinance was adopted by the city council.    They were made out and filed some time afterwards, and several days after the beginning of the publication of the letting of the work, and only two or three days before it was let.    It is,

therefore, apparent that work was let for building a district sewer without its material and character being prescribed by an ordinance as required by the charter. [Railroad v. Chicago, 174 Ill. 437; Copnett v. City of Yonkers, 83 Hun 178.] The taxbills are void and defendants' demurrer to the evidence, embraced also in his refused instruction number six, should have been given.

But it is urged by plaintiff that there was an ordinance passed after the work was let which confirmed and ratified the first ordinance. Defendants deny such scope to the ordinance and contend that it had no such effect. We will, however, for present purposes, assume plaintiff's idea to be correct that the city council undertook to confirm or ratify the legality of the proceedings after the work was let. Plaintiff's contention is that by the subsequent ordinance the proceedings and work thereunder were validated. Where would such position lead us? It would necessarily bring us to say that in such public work there need be no enabling ordinance at all. If a subsequent ordinance may validate a prior ordinance which would be void but for the one subsequent, then, of course, there need not be any pretense of a prior ordinance and the subsequent one may accept and levy tax for work which was never authorized by ordinance. No authority directly or remotely has ever approved such a thing. The charter provisions require, as a condition precedent to a legal taxbill, that a valid ordinance, embracing provisions required by the charter, be ordained before the work is let or the contract is made. Not only is there no authority to support the proposition, but the cases in this State, as well as elsewhere, show the contrary. [Neill v. Gates, 152 Mo. 585; Barber Asphalt Co. v. Ridge, 169 Mo. 376; City to use v. Eddy, 123 Mo. 546; McQuiddy v. Brannock, 70 Mo. App. 535; Heidelberg v. St. Francois Co., 100 Mo. 69; Ruggles v. Collier, 43 Mo. 363; Railroad v. Chicago, 174 Ill. 442.] In the latter case it was said:

"It is also suggested that because the contract in question was approved by the council, it ought therefore to be held good and done under authority of the council. But this position is, I think, untenable. It certainly is not sufficient to impart life or validity to the contract made by direction of the mayor, and which was wholly void at its inception. By the charter it appears that every contract, although made in pursuance of a valid ordinance, is required to be submitted to and approved by the council before it is final and complete. This provision is obviously to hold a check and control over the officer making the contract, and to see that it is made conformably to law, but it can not be made to avail the plaintiffs here."

It seems that there was at the time of these proceedings a general ordinance (of the year 1888, section 924) which required that before advertising for bids, the city engineer should make out, in detail, plans and specifications for the work to be done and keep the same on file in his office for the information of all desiring to bid on the work. It is a part of defendant's case that since the specifications were not on file in the office of the engineer until the greater part of the time of advertisement for bids had expired, that the proceedings were illegal. Plaintiff meets this by the contention that the ordinance passed subsequent to the letting of the work repealed that portion of the general ordinance. It is not worth while to enter upon a discussion of such a dispute. The matters required by this general ordinance are not the same as are required by the charter. The general ordinance merely requires what is known to builders and constructors of public work as details and plans and specifications—sometimes expressed as the drawings and plans. Those things are not the specification of the material, dimension and character of the work required by the charter, though the latter may sometimes be so complete in detail as to embrace them. Those things (as contemplated by the general ordinance

Dickey v. Holmes.

which reads, "before advertising for bids") may come
after the ordinance authorizing the work and are not
a part of the latter ordinance.   They may consist partly
of what is required by the charter to be ordained by
the ordinance authorizing the work, but they are not
the same thing. [Ruggles v. Collier, 43 Mo. 363.]

The judgment should have been for the defendants
and it is accordingly reversed.   All concur.