F. P. McCORMICK, Appellant, v. PATRICK MOORE et al., Respondents.

Kansas City Court of Appeals, June 29, 1908 and January 11, 1909.

1. TAXBILLS: Sewers: Kansas City Ordinance: Competitive Bidding. The ordinances of Kansas City relating to bidding on sewers required that detailed plans and specifications be prepared and filed before publication for bids.

2. ———: ———: ———: ———: Specifications. While plans and specifications may be adopted and become part of an ordinance by reference had thereto they must in fact be in existence in some public place where interested parties can see them, and general blank printed forms are insufficient specifications for a particular sewer, and in the case *sub judice* the specifications on which the work was actually done contained erasures and interlineations of such general specifications made after the passage of the ordinance; and the evidence sustained the finding of the trial judge that there were no specifications in existence at the time of the passage of the ordinance.

3. ———: ———: **Specifications: Kansas City Charter: Ordinance: Competitive Bidding.** Two things are necessary to the validity of sewer taxbills under the charter of Kansas City, to-wit: First, there must be an ordinance antedating the proceedings and prescribing the dimensions, material and character of the sewer; second, there must be a public letting of the work after proper notice; and if there are no specifications prescribing the material and character of the work at the time of the passage of the ordinance the work is in fact done without an ordinance and the taxbills are void.

4. ———: ———: **Void Ordinance: Estoppel.** Where a property-owner may be estopped by acquiescence to set up mere irregularity in a street improvement to defeat a taxbill he is not required to invoke the interposition of courts before work is done in order to escape liability which has no foundation in law, as where the ordinance is void. [Cases distinguished.]

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

AFFIRMED.

*Harry B. Walker* and *Ball & Ryland* for appellant.

(1) The evidence shows conclusively and without contradiction, that the board of public works did compute and apportion the assessment in the sewer district. Sheehan v. Owen, 82 Mo. 458; Cole v. Shrainka, 105 Mo. 311; Verdin v. St. Louis, 131 Mo. 135; Jaicks v. Merrill, 98 S. W. (Mo.) 753; Dickey v. Porter, 101 S. W. (Mo.) 586. (2) The plans and specifications did adequately and sufficiently describe and provide for the work to be done. Jaicks v. Merrill, supra; Dickey v. Porter, supra, 596, sec. 6; Const. Co. v. Coal Co., 103 S. W. 98. (3) The insertion in advance of the passage of the ordinance and letting of the contract of the amount of security to be given by the successful bidder, was not a condition precedent and the failure to so insert it did not render the taxbills void. Const. Co. v. Coal Co., supra, par. 5 (100).

*Allen & Allen* and *James E. Trogdon* for respondents.

(1) The finding of facts by the court, sitting as a jury, and the giving of a general verdict, are incontrovertible upon appeal, unless declarations of law showing on what theory the case was tried were asked and refused. Jordan v. Davis, 172 Mo. 609; Hamilton v. Boggess, 63 Mo. 252. (2) There were no specifications prepared or in existence at the time of the passage of ordinance number 20114, or at the date of its approval. Dickey v. Holmes, 109 Mo. App. 721; Barton v. Kansas City, 110 Mo. App. 40; Gilbreath v. Newton, 30 Mo. App. 392; St. Louis v. Clements, 52 Mo. 138; Keating v. Skiles, 72 Mo. 101, 102. (3) The taxbill is void for the reason that the specifications did not contain the amount of security to be given by the contractor as provided by the general ordinance of Kansas City, Missouri.

JOHNSON, J.—Action to enforce the lien of a special taxbill issued by Kansas City in part payment of the cost of building certain district sewers. The validity of the proceedings leading to the issuance of the taxbill was attacked in the answer on a number of grounds, four of which were sustained by the trial court where, by consent of parties, the cause was tried to the court without the aid of a jury. Judgment for defendants was rendered and plaintiff appealed.

Proceedings for the improvement were initiated July 9, 1902, by the enactment by the common council of Kansas City of Ordinance No. 20114, entitled "An ordinance to construct sewer in sewer district No. 221." This was pursuant to section 10, article 9 of the city charter which provides, in part: "The city may, with the approval of the board of public works, from time to time, cause a district sewer or sewers to be constructed in any sewer district heretofore or hereafter estab-

lished whenever the common council may deem such sewer necessary for sanitary or other purposes, and such sewer or sewers shall be of such dimensions, material and character as shall be prescribed by ordinance, and any district sewer heretofore or hereafter constructed may be changed, diminished, enlarged or extended, and shall have all the necessary laterals, inlets and other appurtenances which may be required. As soon as the work of constructing, changing, diminishing, enlarging or extending any district sewer shall have been completed under a contract let for the purpose, the board of public works shall compute the whole cost thereof, and apportion and charge the same as a special tax against the lots of land in the district, exclusive of the improvements, and in the proportion that their respective areas bear to the area of the whole district, exclusive of the streets, avenues, alleys and public highways, and shall, except as hereinafter provided, make out and certify in favor of the contractor or contractors to be paid, a special taxbill for the amount of the special tax against each lot in the district."

Competitive bidding was invited and, at the time designated, the contract was awarded to the Parker-Washington Company as the lowest and best bidder. Afterward the work was completed by the company in substantial compliance with the requirements of the contract, special taxbills were issued and the one in controversy sold and assigned to plaintiff.

One of the defenses sustained by the trial court thus is pleaded in the answer: "Defendants say that there were no specifications for the doing of the work for which the taxbill sued on was issued, nor had there been any prepared or were in existence at the time of the approval of the ordinance by the board of public works, or of its passage by the common council, or of its approval by the mayor, although such specifications are referred to in said ordinance No. 20114, as forming an essential part thereof." Sections of the revised

ordinances of the city pleaded and proved as pertinent to this defense are as follows:

"Secion 875. *Advertising for bids.* Unless the ordinance for causing a public sewer, district or joint district sewer, drain or culvert to be constructed otherwise provide the city engineer shall advertise for bids for doing the work in the official newspaper of the city for the same length of time and in the same manner as may be provided by ordinance for advertising for bids for grading streets or avenues.

"Section 876. *Letting of Contracts.* Contracts for constructing such public sewers, district or joint district sewers, drains or culverts, shall before taking effect be let, executed and approved, in all respects, as far as practicable, in the same manner as contracts for grading are let, executed and approved, when the cost of grading is to be paid for in special taxbills.

Section 877. Before advertising for bids for doing any work mentioned in the first section of this chapter, the city engineer shall make out detailed plans and specifications for the work to be done, and keep the same on file in his office for information of all desiring to bid on the work.

"Section 811 (to which reference is made in sections 875 and 876, supra). *Advertising for Bids.* When any ordinance shall provide for the doing of any work mentioned in the second section of article nine of the city charter, the city engineer shall, as soon as practicable thereafter, provide the necessary plans and specifications, which shall, in cases where a contract must be let to the lowest and best bidder, prescribe a time within which the work shall be finished and the amount of security to be given by the contractor for the performance of the work. As soon as practicable thereafter, and after taking other requisite preliminary steps in case a contract is to be let to the lowest and best bidder, the city engineer shall cause to be publish-

ed for ten successive days, within the twenty days next preceding the time for opening bids, in the newspaper doing the city printing, or if there be none, in such daily newspaper published in the city as he may select, a notice of the letting of the contract for such work to the lowest and best bidder. Such notice shall state generally the nature of the work to be done, *where the plans and specifications thereof, may be seen,* and the day when bids shall be opened."

These ordinance provisions, to which the force of law must be accorded, clearly require that detailed plans and specifications of the proposed sewer be prepared and filed before the publication for bids. The defense under consideration was discussed and determined by the learned trial judge in the following portion of the findings and judgment made and entered by him:

"The further defense is made that Ordinance No. 20114 is void because it does not prescribe the dimensions, material and character of the sewer to be constructed. These must be prescribed and regulated by the ordinance providing for the doing of the work. [Charter of Kansas City, art. 9, sec. 10.] The ordinance is in three sections. Section 1 provides for the construction of district sewer and various lateral sewers with interior diameters of various lengths. It further provides that such sewers shall have all the necessary manholes, catch basins and flush tanks, with their necessary connections, and shall be paid for in special taxbills against and upon the lands in said sewer district as provided by law, which work the board of public works and the common council deems necessary to have done for sanitary and drainage purposes. All of said sewers over twenty-four inches in diameter shall be constructed of hard burned brick laid in hydraulic cement mortar, except that the middle section of the inner of the invert shall be constructed of vitrified brick laid in Portland cement mortar. All of said

sewers twenty-four inches and less in interior diameter shall be constructed of vitrified clay pipe. Manholes for the inspection, cleaning and ventilation of said sewers to be constructed as parts of or appurtenances to said sewers at various points along the route. Manholes to conform to plans on file in the office of the board of public works. Catch-basins with their necessary connections for the reception of surface water shall be constructed as parts or appurtenances to said sewers at various points. Said catch-basins to conform in detail to the plans on file in the office of the board of public works. Automatic flush 'tanks with their necessary water connections for cleaning and flushing to be constructed and located at various points. Said flush tanks to conform in detail to the plans approved by the board of public works. Section 2 provided said sewers shall conform in detail to the plans and specifications prepared for the construction of said sewers, said plans now on file in the office of the board of public works marked approved and dated June 19, 1902. Section 3 is an act repealing conflicting ordinances. The plans referred to in the ordinance were and are not a sufficent regulation of the dimensions, material and character of the sewer to comply with the ordinance. [Dickey v. Holmes, 109 Mo. App. 721.] The invalidity of this and similar ordinance is more thoroughly considered in the case of McCormick v. Schoellkopf, — Mo. App. —, decided today, and for the reasons therein stated, the ordinance under consideration must be held to be a nullity."

Evidently the court found that neither the ordinance providing for the improvement nor the plans to which it refers as being on file sufficiently specified the dimensions, material and character of the sewer and that no specifications were on file at the time of the passage of the ordinance or when the advertisement for bids was made. As far as this finding relates to issues of fact we must treat it as the legal equivalent

of a verdict of a jury and adopt it as our own should we find it to be supported by substantial evidence. It is conceded, in effect, by plaintiff that the description of the improvement appearing on the face of the ordinance does not meet the requirements of the charter, and we find that it does not, since it is not sufficiently specific as to the details of the dimensions, materials and character of the work, to enable contractors to bid intelligently with no other data before them. But it is argued by plaintiff that as the ordinance refers to plans and specifications as being on file in the office of the board of public works, which, in fact, were in that office at the time and, as said instruments contained complete working plans and details of construction, they must be regarded as being incorporated with the ordinance and, consequently, as satisfying the charter requirements. On the other hand, it is contended by defendants that specifications were not on file in the office of the board of public works during the period covered by the publication for bids, and one of our chief concerns will be to ascertain whether the finding of the trial court in favor of this contention of defendants is supported by substantial evidence.

The reference in the ordinance to plans and specifications is as follows: "Said sewers shall conform in detail to plans and specifications *prepared* for the construction of said sewers, said plans now on file in the office of the board of public works marked approved and dated June 19, 1902."

It will be observed that no mention is made of the specifications being on file and from a close inspection of the oral evidence, we are convinced this omission was intentional and not inadvertent. It appears from the testimony of the witnesses who had knowledge of the matter that the engineer prepared a form designated "contract and specifications for sewer construction," which the board of public works adopted January 20, 1902, as the form to be used in preparing for the build-

ing of district sewers. Necessarily, as that form was prepared for a class of public improvements, it contained only details common to the class and not such as might be peculiar to a particular construction. Blank spaces were left for the insertion in ink of all such special details. The board of public works had this form printed and at the time of the passage of the ordinance in question, had a number of the printed copies in its office. In support of his contention that specifications for the improvement under consideration were on file with the board of public works, plaintiff is compelled to rely solely on the fact that the printed blanks described were kept in that office and were available to bidders and others interested in the proposed work. As a matter of fact, the engineer first prepared specifications for this sewer sometime after the enactment of the ordinance and some days after contractors had been publicly notified to submit bids. The specifications thus prepared were not submitted to the board of public works at any time and never were examined and approved by that body.

Plaintiff argues that with the ordinance, plans and specification blanks before them, contractors were given access to all of the facts relating to the construction necessary to an intelligent preparation of bids, for the reason that the ordinance and plans disclosed particular characteristics and details of the improvement and the printed forms contained the general specifications. It is his idea that, as the purpose of the law to provide for fair and unrestricted competitive bidding was satisfied fully, it should be deemed immaterial that the strict letter of the law was not followed. Manifestly, the argument is unsound. In the first place, the specifications finally prepared by the engineer contained alterations of the printed matter in the approved form in a number of material respects and, therefore, even on the hypothesis that the unfilled blanks should be made to serve the purpose of specifications, it is manifest

that such changes subsequently made would have the effect of invalidating the proceedings, since it would be destructive of real competition to invite contractors to bid on certain specifications and then, afterward, to let the contract on substantially different conditions. But we prefer to waive this point and to dispose of the subject on what appears to us a weightier reason.

It was necessary to the validity of the ordinance either that it contain on its face the plans and details of the contemplated construction or, omitting them, that it refer specifically to plans and specifications then on file in the office designated by the charter and ordinances as the proper place for them to be filed. Directly in point is what was said by this court, speaking through Judge ELLISON, in Dickey v. Holmes, 109 Mo. App. 721: "Under such provisions (referring to the charter of Kansas City) two things are prominently necessary to the validity of taxbills against the property of the citizen for building a district sewer. First, there must be an ordinance antedating the proceedings; that is, the ordinance is the first action upon which the proceedings are had. And such ordinance must prescribe the dimensions, material and character of the sewer. Second, a public letting of the contract after proper notice. [Galbreath v. Newton, 30 Mo. App. 393; DeSoto v. Showman, 100 Mo. App. 323; Heidelberg v. St. Francois Co., 100 Mo. 69; Mazett v. Pittsburg, 137 Pa. St. 548.] These are matters of necessity which must precede all else. It is by thus prescribing by ordinance the material, dimension and character of the work that it is possible to let it publicly to the lowest bidder. It is the height of absurdity to talk of prescribing these things by an ordinance subsequent to letting the work by competitive bidding. In this case the dimension of the sewer and a part of the material thereof were prescribed in the face of the ordinance; but the character of the work and a great part of the material and the specific kind of material, were, by the ordi-

nance, left to lengthy specifications, referred to in the ordinance as on file with the board of public works. An ordinance may be valid without incorporating all its provisions in its face; that is, it may refer, for a part of its provisions, to specifications on file in some designated public place where they may be inspected like the ordinance itself could. [Galbreath v. Newton, 30 Mo. App. 380.] The specifications are adopted and referred to by the legislative body and are made part of the ordinance itself. *Manifestly they must be in existence at the time the ordinance is adopted.* In this case the evidence disclosed that there were no specifications on file with the board of public works, or, indeed, in existence at all, at the time the ordinance was adopted by the city council. They were made out and filed sometime afterwards, and several days after the beginning of the publication of the letting of the work, and only two or three days before it was let. It is, therefore, apparent that work was let for building a district sewer without its material and character being prescribed by an ordinance as required by the charter. [Railroad v. Chicago, 174 Ill. 437; Copnett v. City of Yonkers, 83 Hun 178.] The taxbills are void . . . ."

We regard as absurd the attempt to make blank forms do duty as specifications duly prepared and filed. Such blanks were but so much paper, a part of the office equipment as were pens and ink. As well call a blank form of deed a deed, or a sheet of paper a will. To convert one of the blank forms into specifications for a particular sewer, it was essential that it be filled out by the engineer or under his supervision, then approved by the board of public works, and then filed. Without taking all of these steps, it could not be said that specifications were prepared and filed and without them, bidders and property-owners had no other official documents to consult for information respecting the proposed work than the ordinance and plans. The facts found by the trial judge are supported by evidence and his

conclusion that the ordinance and taxbill should be held invalid necessarily follows under the authority of Dickey v. Holmes, supra.

There is no merit in the suggestion that defendants should not be permitted to preserve silence while their property was being benefited under an invalid ordinance and then bring forth the invalidity thereof as a defense to the assessment. This principle was applied in Jaicks v. Merrill, 201 Mo. 91, where the defects in the proceedings consisted of mere irregularities, but it does not obtain in cases where the ordinance is void on account of the failure to perform some of the conditions made by law indispensable. We reaffirm our ruling on this subject in Cox v. Mignery & Co., 126 Mo. App. 669, 105 S. W. 675, where we said: "Respectable authority may be found sustaining the principle invoked even in cases where the defect is more than a mere irregularity, but in this State it has been held on several occasions that the principle does not apply where the work is being done under a void ordinance; i. e., one passed without due observance of all the precedent conditions required by statute. The persons whose property is to be assessed to pay for the proposed improvement have no more control over the streets than any other person nor can it be said that the contractor is induced by their non-action to proceed with the work, and there is no reason for requiring them to invoke the interposition of the courts before the work is done in order to escape a liability which has no foundation in law. [Verdin v. City of St. Louis, 131 Mo. l. c. 98; Keane v. Klausman, 21 Mo. App. 485; Perkinson v. Hoolan, 182 Mo. 189.]"

Finding the taxbill void on the ground discussed, it is unnecessary to consider other points of attack against it. The judgment is affirmed. All concur.