NANNIE RICHARDSON et al., Respondents, v.
MICHAEL WALSH et al., Appellants.

**Kansas City Court of Appeals, March 7, 1910.**

**MUNICIPAL CORPORATIONS: Taxbills: Sewers: Specifications.** As a condition precedent to the building of a public sewer in Kansas City for which taxbills are to be issued, specifications prescribing the dimensions, material and character of the sewer, must have been filled out by the city engineer and approved by the board of public works, and filed, and reference thereto be made in the initiatory ordinance, or that ordinance must itself embody such specifications. Reference in an ordinance to specifications which are unfilled blank forms is not a compliance with the charter.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune*, Judge.

AFFIRMED.

*W. R. James* and *Scarritt, Scarritt· & Jones* for appellants.

*Gage, Ladd & Small, Rosenberger, Taylor & Reed* and *C. E. Denham* for respondents.

JOHNSON, J.—This is a suit in equity brought by property-owners to cancel certain special taxbills issued in payment of the cost of building a district sewer in Kansas City. Defendants filed an answer and cross petition. The trial resulted in a judgment for plaintiffs and the cause is here on the appeal of defendants.

We regard the appeal in this case as an endeavor to obtain the overruling of our decisions in Dickey v. Holmes, 109 Mo. App. 721, and McCormick v. Moore, 134 Mo. App. 669, and since we are satisfied with the soundness of our conclusions in those cases, we shall content ourselves with a mere re-statement of the rules applied in them which dispose of the present case adversely to the position of defendants.

Either the initiatory ordinance must prescribe on its face the dimensions, material and character of the sewer, or the omitted provisions must appear in specifications on file in the designated place at the time of the enactment of the ordinance to which reference is made in the ordinance. Blank forms are not specifications. "To convert one of the blank forms into specifications for a particular sewer, it was essential that it be filled out by the engineer or under his supervision, then approved by the board of public works and then filed. Without taking all of these steps, it could not be said that specifications were prepared and filed, and without them bidders and property-owners had no other official document to consult for information respecting the proposed work than the ordinance and plans." [McCormick v. Moore, supra.]

Defendant contends that the ordinance contained all the necessary provisions, but we do not agree with the contention. The ordinance referred to plans and specifications for a number of essential facts, but no specifications were on file—only blank forms.

The judgment is affirmed. All concur.