F. C. YOUMANS, Respondent, v. LEONARD EVERETT, Appellant.

Kansas City Court of Appeals, June 16, 1913.

1. TAX BILLS: Terms of Contract. An ordinance under which a sewer is constructed in order to comply with the provisions of the charter of Kansas City and make the tax bills, issued to pay for said work valid, must prescribe the dimensions, material and character of the sewer proposed to be constructed or refer to plans and specifications then on file and approved by the board of public works.

2. ———: ———: Ordinance: Referee. The bills issued for the construction of a sewer will not be held invalid ·because the contractor allowed the city to insert ·an agreement in the contract that was not within the terms of the proposal to bidders.

3. ———: Preliminary Estimate: Ordinance. Sections of the General Ordinance of Kansas City (791, 793 and 811) imposed the duty on the engineer of submitting estimates of the cost of public improvements when required to do so by the council or board of public works. But this falls far short of requiring the making of a preliminary estimate as a condition precedent to the enactment of an initial ordinance for a public improvement.

4. ———: Competitive Bidding: Favoritism. Wherever the charter of a municipal corporation requires public work to be let by competitive bidding a fair opportunity must be given for such competition and any scheme or device designed to promote favoritism will render the whole proceeding void.

Appeal from Jackson Circuit Court.—*Hon Jos. A. Guthrie*, Judge.

AFFIRMED.

*W. F. Allen* and *Leonard Waddell* for appellant.

*Ball & Ryland* for respondent.

JOHNSON, J.—The· object of this suit is the enforcement of the lien of special taxbills issued by Kansas City in payment of the cost of building a district

sewer.   Defendant attacks the validity of the ordinance under which the work was done on the grounds that it failed to prescribe the dimensions, material and character of the work; that no specifications were prepared, filed and approved in the time and manner provided by law, and that the ordinance did not refer to the specications as being on file for public inspection in the office of the engineer or of the board of public works.   Other defenses are based on the failure of the engineer to prepare and file a preliminary estimate of the cost of the sewer; on a stipulation in the contract requiring the contractor to use vitrified brick manufactured in Kansas City, unless otherwise authorized by the city engineer, and on the alleged fact that the contractor failed to complete the sewer within the time specified in the contract and specifications, or within a reasonable time.

The issues thus raised were tried without a jury and were resolved by the court in favor of plaintiff for whom judgment was rendered.   Defendant appealed. The ordinance under which the work was done was passed March 10, 1902, and approved by the mayor April 7, 1902.   To comply with the requirements of the city charter (section 10, article 9, Charter and Revised Ordinances of Kansas City, 1898), it was necessary that the ordinance prescribe the dimensions, material and character of the sewer proposed to be constructed or refer to plans and specifications then on file and approved by the board of public works.   (Richardson v. Walsh, 142 Mo. App. 328; McCormick v. Moore, 134 Mo. App. 669; Barton v. Kansas City, 110 Mo. App. l. c. 40; Dickey v. Holmes, 109 Mo. 721.)   The ordinance in question did not give detailed specifications but did contain the provision that "said sewer shall conform in detail to the plans and specifications prepared for the construction of said sewer, said plans now on file in the office of the board of public works."

This constituted a sufficient compliance with the charter requirements relating to specifications in the

initiatory ordinance of the dimensions, material and character of the work and, in the absence of proof to the contrary, we must presume these recitations in the ordinance were true.   The burden is on defendant to overcome this presumption and defendant did attempt to show that at the time of the approval of the ordi-' nance no specifications had been prepared by the city engineer, approved by the board of public works and filed in the office of the board.   The trial judge, sitting as a jury, found against defendant on these issues of fact and his finding is supported by substantial evidence. He properly refused to hold as a matter of law that the failure of the records of the board of public works to disclose an order approving the specifications between February 24th and June 19th, 1902, was conclusive evidence that the specifications had not been prepared and approved.   As the court well said in ruling on the point, the specifications very properly could have been prepared and approved before February 24th.   We do not understand why defendant did not go back of that date in his proof or why he failed to offer the plans and specifications in evidence.   Such omissions of important evidence very strongly aid the conclusion of the trial court that the defense of an invalid ordinance has no sound evidentiary basis.

The point that the tax bills are void because the city engineer failed to prepare an estimate of the cost of the work is answered by pointing to the charter of Kansas City which makes no such requirement.   Sections of the General Ordinances (791, 793 and 811) imposed the duty on the engineer of submitting estimates of the cost of public improvements when required to do so by the council or board of public works, But this falls far short of requiring the making of a preliminary estimate as a condition precedent to the enactment of an initial ordinance for a public improvement.

173 Mo. App. 43

The contract for building the sewer contained the stipulation: "It is further agreed and stipulated by the said party of the first part, that in the construction of the sewer to be built under this contract, he will use only brick of Kansas City manufacture, unless otherwise authorized by permission in writing by the city engineer, on account of the insufficiency of brick made in Kansas City to meet the needs of this contract, or inability to obtain such brick at a price not greater than that to be paid for brick of foreign manufacture, and for such reasons only."

Defendant introduced evidence to the effect that there was only one manufacturer of such brick in Kansas City and it is contended by defendant that because the contractor thus was compelled to obtain the brick used in the construction from this manufacturer the tax bills should be held void.

The courts of this State have been zealous in the protection of the public against every tendency to the practice of fraud, corruption and favoritism in the letting of contracts for public improvements. Whenever it is possible to have competitive bidding a fair opportunity must be given for such competition and any scheme or device designed to promote favoritism will render the whole proceeding void. In Curtice v. Schmidt, 202 Mo. 703, the Supreme Court say: "Vitrified brick is neither a patented article, nor is it one controlled by a single person or corporation, so as to put it upon the basis of a patented article. The evidence shows, and our experience teaches us, that vitrified brick sufficient for paving purposes are manufactured, made and furnished by a number of persons, companies or corporations. The designation of material in the ordinance, as well as the selection made by the board of public works, should have been couched in such language as would secure unhampered and unrestricted competitive bidding, and the contract should have so followed. If you can say in your specifications,

that the vitrified bricks made by A. shall be used, then you can further say that lime made by B. shall be used, and sand taken from the Missouri River by C. shall be used, etc., and thus stifle competition from one end to the other. Such was not the purpose of statutory and ordinance provisions providing for a public letting to the lowest and best bidder.''

But in the present case neither the ordinance, plans and specifications nor advertisement for bids (so far as the record discloses) contained any provision restrictive of the right 'of the successful bidder to purchase the vitrified brick to be used in the construction in the cheapest and best market. There was no suggestion of favoritism in the proceedings until after a fair opportunity for competitive bidding had been given and the competition closed. The contract had been awarded by the city on terms which left the successful bidder free to buy the vitrified brick in any market and if he chose to allow the city to insert an agreement in the contract in excess of the terms offered to bidders and on which he had been awarded the contract, that was a matter in which the public was not concerned, since its rights had been fully safeguarded. We would not so hold if it appeared that bidders had been advised before the letting of the contract that the successful bidder would be required to enter into a contract containing terms obnoxious to the law, but there is no suggestion in the evidence before us of any such understanding, nor that Kansas City brick was of inferior quality, and we would not feel justified in holding the tax bills void because, as it appears, the contractor allowed the city to insert an agreement in the contract that was not within the terms of the proposal to bidders.

The point that the work was not completed within proper time is obviously not well taken and will not be discussed.

The judgment is affirmed. All concur.